IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

JAMES W. CHAPPELL,

    PLAINTIFF,

vs.                                        CASE NO. CV 03-J-874-J

JMIC LIFE INSURANCE CO., et al.,

    DEFENDANTS.

**MEMORANDUM OPINION**

    This matter is before the court on defendant Ford Motor Credit Company's motion to compel arbitration and motion to dismiss (doc. 7); defendant Malloy Ford-Lincoln Mercury, Inc.'s motion to dismiss or stay proceedings and compel arbitration (doc. 9); plaintiff's motion to remand and for an award of costs, expenses and attorney's fees (doc. 11); plaintiff's brief in support of motion to remand; defendant JMIC Life Insurance Company's motion to compel arbitration and for stay pending arbitration (doc. 13); defendant JMIC's opposition to plaintiff's motion to remand; and plaintiff's brief in opposition to JMIC's motion to arbitrate. All said motions were set for hearing on the court's motion docket this date, at which the parties were present by and through their respective counsel of record, and the court heard oral argument. The court having considered said argument, pleadings and memoranda of the parties, the court finds as follows:

Defendant JMIC removed this action from the Circuit Court of Walker County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a). Defendant JMIC further states that the non-diverse defendant, Maloy Ford-Lincoln-Mercury ("Maloy") was fraudulently joined as plaintiff failed to state any legally sufficient claims. Notice of Removal, ¶ 1.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse party, as alleged by the defendant. Joinder is fraudulent when "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993).

> "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

The defendants, as the parties removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *Diaz*, 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citation omitted).[1]

---

[1] This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir.1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly ... uncertainties are resolved in favor of remand (citations omitted)."

3

Plaintiff stated claims in his complaint against defendant Maloy for fraudulent inducement (Count I); and breach of contract (Count V). Defendant JMIC argued both in its opposition to the motion to remand and at the hearing that plaintiff cannot prevail against defendant Maloy because plaintiff states his damages are "as a result of the failure of JMIC to pay said monthly benefits and the conduct of Ford Credit ..." JMIC's opposition at 4.

Defendant JMIC admits that defendant Maloy was its agent in the sale of the credit disability insurance at issue in this case, that defendant Maloy signed the documents for the plaintiff to apply for credit disability insurance, and that defendant Maloy received commissions from the sale of such insurance. Given these admissions by the defendant, and the plaintiff's allegation that Maloy fraudulently induced him to purchase both the pick-up truck and the insurance by making representations Maloy and the other defendants knew to be untrue, the plaintiff clearly states a valid claim for fraudulent inducement. Complaint, ¶ 10. The fact that plaintiff may not ultimately prevail against defendant Maloy is not a proper inquiry for this court in considering a motion to remand.

Similarly, the court finds the plaintiff to have stated a valid claim for breach of contract with Maloy. Complaint, ¶ 16. A letter from JMIC to plaintiff states that a refund of the premium will be made to plaintiff's "loan by Maloy Ford Lincoln

Mercury." Motion to Remand, Exhibit D. Attached to defendant Ford's motion to compel arbitration (doc. 7) is a retail installment contract which states "[b]y signing below, the Seller accepts this contract. If no other Assignee is named in a separate assignment attached to this contract the Seller assigns it to Ford Motor Credit Company." Motion to Compel Arbitration, Exhibit A. That document is then signed by Jane Swinney as Office Manager of Maloy. Thus, the court has before it a document, which on its face states it is a contract, signed by the plaintiff as "buyer and defendant Maloy as "Seller." In fact, defendant Maloy states, in its motion to dismiss, that the plaintiff "executed a Retail Installment Contract between himself and Malloy Ford-Lincoln-Mercury." Defendant Malloy's motion to dismiss (doc. 9). The court therefore finds JMIC's argument that plaintiff cannot state a claim against defendant Maloy for breach of contract to be unpersuasive.

The court, having reviewed the allegations set forth in Counts I and V of the plaintiff's complaint, finds such allegations do state a cause of action against the resident defendant. Thus, this court must find that the joinder was proper and remand the case to the state court. *See Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court.

Having found that the plaintiff has stated a claim against the non-diverse defendant, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought").

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall remand this case to the Circuit Court of Walker County, Alabama, by separate Order. The court declines to rule on all other pending motions, being of the opinion such rulings are appropriately left to the state court to resolve.

**DONE** this the _13_ day of May, 2003.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE